## 45589. WARREN et al. v. MANN et al.

HALL, Presiding Judge. Plaintiffs appeal from a directed verdict and judgment for defendants and from the denial of their motion for a new trial. The suit is to collect a debt and alleges counts in fraud and deceit and non-discharge in bankruptcy.

At the time of the transactions involved in this suit, defendants were housing contractors, and plaintiffs were one of their subcontractors. Plaintiffs held a deed to secure debt on a house upon which defendants wanted to close. One of the defendants approached plaintiffs' lawyer and offered to execute a note for the amount they then owed plaintiffs ($1,937) and to secure it by giving a security deed on another piece of property, in return for the release of the deed to secure debt on the house to be closed. The transaction was consummated along these lines. However, the security deed was not recorded until 6 days after execution. The lawyer testified that this defendant told him the property proposed as substitute security on the debt was free and clear. He also testified that he did not make a title search but relied upon this representation plus the general warranties in the deed, although in previous similar transactions with these defendants, the property involved had always been encumbered.

Sometime later, plaintiffs learned that the property for which they held the deed to secure debt was subject to a first mortgage and other prior liens, had been foreclosed and sold by public outcry, and the defendants were filing in bankruptcy.

Plaintiffs contend there was sufficient evidence to go to the jury both on the count in fraud and deceit and on the count alleging the debt was non-dischargeable under 11 U.S.C.A. § 35 (a) (2), because it was an extension or renewal of credit made in reliance upon a materially false written financial statement.

Under either of these theories, plaintiffs would have to show that defendants made a false statement concerning title or encumbrances on the property.

There is no evidence in the record that defendants did not have title to this property or that there were any prior liens or encumbrances upon it *on or before the day the deed was executed.*

In short, plaintiffs failed to make out a prima facie case under either count and the trial court did not err in directing a verdict for defendants.

*Judgment affirmed. Deen and Evans, JJ., concur.*
ARGUED SEPTEMBER 16, 1970—DECIDED SEPTEMBER 30, 1970—
REHEARING DENIED OCTOBER 13, 1970.

*Kyle Yancey,* for appellants.
*Heyman & Sizemore, William H. Major, Thomas H. Nickerson,* for appellees.